UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22cv00806 CAS (ADSx) | Date | August 9, 2024 |
|---|---|---|---|
| Title | Ronald Gene Robinson v. Excel Sharrieff et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** (IN CHAMBERS) - MOTION TO DISMISS SECOND AMENDED COMPLAINT (Dkt. 50, filed on June 25, 2024)

## I.  INTRODUCTION & BACKGROUND

Presently before the Court is defendants' motion to dismiss plaintiff's second amended complaint. Dkt. 50. The facts and history of this care are well known to the parties and summarized in the Court's May 6, 2024 Order. Dkt. 47. The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the August 19, 2024, hearing date is vacated, and the matter is hereby taken under submission.

On February 4, 2022, plaintiff Ronald Gene Robinson ("Robinson") filed a civil rights complaint against eight defendants: (1) Excel Sharrieff, Commissioner of the California Board of Parole Hearings ("BPH"); (2) John Denvir, Deputy Commissioner of the BPH; (3) S. Silva, California Department of Corrections and Rehabilitation ("CDCR") Facility Captain at California Men's Colony East ("CMC East" or "CMC"); (4) M. Fernandez, CDCR Facility Lieutenant at CMC East; (5) D. Tomelloso, CDCR Facility Sergeant at CMC East; (6) D. Daniel, CDCR Facility Correctional Officer at CMC East; (7) S. Chisholm, CDCR Facility Psychologist at CMC; and (8) D. Samuel, Chief Deputy Warden within CDCR at CMC.

On January 13, 2013, Magistrate Judge Spaeth dismissed all of plaintiff's claims without prejudice, except for plaintiff's Fourteenth and Eighth Amendment claims against defendant Daniel based on the alleged withholding of food. Dkt. 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                'O'

| Case No. | 2:22cv00806 CAS (ADSx) | Date | August 9, 2024 |
|---|---|---|---|
| Title | Ronald Gene Robinson v. Excel Sharrieff et al. | | |

On March 2, 2023, plaintiff filed a first amended complaint ("FAC") asserting numerous federal constitutional and statutory claims. Dkt. 12.

Plaintiff asserted claims for (1) violations of Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act against defendants Sharrieff, Denvir, and Chisholm; (2) violations of the Protection and Advocacy for Individuals with Mental Illness Act ("PAIMI") against defendant Chisholm; (3) direct and supervisory liability claims under 42 U.S.C. § 1983 for violations of plaintiff's procedural due process rights against defendants Sharrieff, Denvir, and Fernandez; (4) supervisory liability claims under § 1983 for failure to supervise against defendants Silva and Samuel; (5) violations of the Rules and Regulations of the CDCR against defendants Fernandez, Daniel, and Samuel; (6) claims under § 1983 for retaliation under the First Amendment and corresponding violations of the Eighth and Fourteenth Amendments against defendant Tomelloso; (7) claims under § 1983 for violation of the Eighth Amendment against defendant Daniel; and (8) a claim for violation of Article I, Section 17 of the California Constitution against defendant Daniel. FAC at 6-11. Plaintiff also brought state law claims for the torts of reprisal, harassment, battery, and assault. Id. at 14.

On August 31, 2023, defendants filed a motion to dismiss the FAC. Dkt. 26. On May 6, 2024, the Court granted defendants' motion. Dkt. 47. Specifically, the Court dismissed plaintiff's due process claims against defendants Sharrieff and Denvir, his PAIMI claim, his claims for violations of CDCR rules and regulations, and his claims for money damages against the defendants acting in their official capacities with prejudice. Id. The Court dismissed plaintiff's remaining claims without prejudice. Id.

On June 4, 2024, plaintiff filed a second amended complaint ("SAC"). Dkt. 49. The SAC does not contain a demand for relief and does not clearly state plaintiff's new claims. It appears that plaintiff is attempting to bring (1) a deliberate indifference claim for violation of the Eighth Amendment against defendant Samuel; (2) a supervisory liability claim for violation of the Eighth and Fourteenth Amendment against defendant Silva; and (3) claims for violations of the First, Fifth, Eighth, and Fourteenth Amendment against defendant Tomelloso. Id. at 1-4.

On June 25, 2024, defendants filed the instant motion to dismiss the SAC. Dkt. 50 ("Mot."). On July 25, 2024, plaintiff filed an opposition. Dkt. 52 ("Opp."). On August 5, 2024, defendants filed a reply. Dkt. 55 ("Reply").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:22cv00806 CAS (ADSx) | Date | August 9, 2024 |
|---|---|---|---|
| Title | Ronald Gene Robinson v. Excel Sharrieff et al. | | |

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   DISCUSSION

Defendants argue that plaintiff's claims should be dismissed for (1) failure to meet Federal Rule of Civil Procedure 8's pleading requirements; and (2) failure to state a claim. Mot. at 5-13.

Under Rule 8(a) of the Federal Rules of Civil Procedure ("Rule 8(a)"), a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity." See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.). The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

"In the exercise of their discretion and in order to promote judicial economy, courts often will use a motion directed at the form of a pleading (or a motion to dismiss under Rule 12(b)(6)) as a vehicle for considering whether any possible claim for relief [under Rule 8(a)] exists." Wright & Miller, 5 Federal Practice & Procedure § 1217, at 256-58 (3d ed. 2004). In McHenry, the Ninth Circuit explained the problems posed by complaints that fail to meet the standard of Rule 8(a):

> Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different than what they reasonably expected. The rights of the defendants to be free from costly and harassing litigation must be considered.

84 F.3d at 1777, 1179-80 (internal quotation marks and citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:22cv00806 CAS (ADSx) | Date | August 9, 2024 |
|---|---|---|---|
| Title | Ronald Gene Robinson v. Excel Sharrieff et al. | | |

The Court finds that the SAC does not meet Rule 8(a)'s pleading requirements. The SAC does not contain "a demand for the relief sought." See Fed. R. Civ. P. 8(a)(3). Nor does the SAC contain a "short and plain statement of the [plaintiff's] claim[s] showing that the pleader is entitled to relief." Id. at 8(a)(2). In particular, the SAC lists three claims but does not specify the nature of these claims in the heading, nor does it clearly specify which claims are being brought against which defendants.

Accordingly, the Court **GRANTS** defendants' motion to dismiss. Because the Court dismisses the SAC for failure to meet Rule 8(a)'s pleading requirements, the Court does not address the parties' arguments regarding whether the SAC fails to state a claim.

### III. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendants' motion to dismiss without prejudice. Plaintiff is instructed to file a third amended complaint, if any, by August 22, 2024.

In the third amended complaint, plaintiff should include (1) a description of the parties to this action; (2) a short and plain statement of the grounds for the court's jurisdiction; (3) a short and plain statement of the factual allegations that give rise to plaintiff's claims; (4) a short and plain statement of plaintiff's claims, including a brief description of the legal basis for each claim; (5) a list of defendants that plaintiff is naming with respect to each claim; and (6) a demand for the relief sought. Plaintiff may not plead any claims that the Court has previously dismissed with prejudice. See dkt. 47. Additionally, plaintiff should not include lengthy summaries of case law regarding his various claims, as the Court is familiar with the legal standards surrounding civil rights claims. Plaintiff will have the opportunity to provide supporting case law, if any, in his opposition to any motion to dismiss that defendants may subsequently file.

IT IS SO ORDERED.

| | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |